IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARSTEN O. ALLEN, ) | |
|     Petitioner, ) | Case No. 7:22-mc-00018 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| J. ELY, et al., ) | Chief United States District Judge |
|     Respondents. ) | |

**MEMORANDUM OPINION**

Karsten O. Allen, a Virginia inmate proceeding pro se, commenced this miscellaneous action by filing a petition to perpetuate testimony pursuant to Federal Rule of Civil Procedure 27(a), along with a motion for leave to proceed in forma pauperis ("IFP"). The court will grant the IFP motion for the limited purpose of conducting its initial review of the petition. For the reasons set forth below, the court concludes that Allen has failed to establish an immediate need to perpetuate testimony to prevent it from being lost. Accordingly, the court **DENIES** Allen's petition.

    **I.**    **BACKGROUND**

Allen is incarcerated at Wallens Ridge State Prison ("WRSP"). Pet., ECF No. 1, at 1. He has previously filed several civil rights action against Virginia Department of Corrections ("VDOC") officials. Id. Allen alleges that Unit Manager J. Ely and other WRSP employees are aware of his litigation history and that they have threatened to take adverse actions against him if he continues to file complaints. Id. at 2.

The current petition stems from an incident that occurred on September 20, 2022, when officers entered his pod for a quarterly shakedown. Id. at 3. Ely and another officer equipped with a body camera entered the cell that Allen shared with another inmate and found

a makeshift weapon. Id. at 4. Although Allen informed the officers that the weapon did not belong to him, Ely nonetheless ordered that Allen be taken to segregation. Id. Allen was later served with a disciplinary report that charged him with possessing a weapon. Id. According to the report, Ely advised the charging officer that he had spoken with both inmates and that Allen had claimed ownership of the weapon. Id.

Allen subsequently submitted a request for video footage in an effort to establish that the disciplinary charge was false. Id. He specifically requested footage from the body camera worn by the officer who accompanied Ely during the search. Id. In response, Hearing Officer C.W. Franks informed Allen that he would not be permitted to review the requested evidence because "Intel Officer Muncy said there was no body camera footage for this incident." Pet. Ex. B, ECF No. 1-1 at 2.

Allen intends to file a civil rights action alleging that he was falsely charged with a possessing a weapon in retaliation for engaging in activity protected by the First Amendment. Pet. at 5. In the present petition under Rule 27, Allen seeks an order authorizing him to subpoena video footage and depose Officer Muncy, Officer Franks, Unit Manager Ely, and VDOC Director Harold Clarke. Id. at 5–9. Allen contends that, without access to the requested evidence, his "complaint will lack an abundance of critical facts" and contain only "bare, conclusory allegations." Id. at 9.

## II. DISCUSSION

Rule 27 permits "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court" to "file a verified petition in the district court for the district where any expected adverse party resides" requesting "an order authorizing the

2

petitioner to depose the named persons in order to perpetuate their testimony."[*] Fed. R. Civ. P. 27(a)(1). The petition must, among other requirements, show "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought" and "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it." Fed. R. Civ. P. 27(a). Importantly, "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Deiulemar Compagnia di Navigazione S.P.A. v. M/V Allegra, 198 F.3d 473, 484 (4th Cir. 1999) (internal quotation marks and citation omitted); see also Qi Qin v. Deslongchamps, 31 F.4th 576, 581 (7th Cir. 2022) ("Rule 27 provides only for the perpetuation of testimony that is at risk of becoming unavailable. This includes the testimony of a witness who is aged or seriously ill, might flee, or who may become unavailable by reason of relocation or other geographic constraints before a suit can be filed."). "A petitioner must, therefore, demonstrate an immediate need to perpetuate testimony." Deiulemar, 198 F.3d at 484 n.16 (internal quotation marks and citation omitted). A Rule 27 petition "is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." Id. at 485 (citations omitted).

Here, Allen has failed to demonstrate that the perpetuation of testimony is necessary to prevent it from being lost. It is clear from his petition that he merely seeks to ascertain facts for drafting a complaint. Because Rule 27 is not intended to be used for such purpose, see id., Allen's petition must be denied.

---

[*] For purposes of Rule 27, the "[p]erpetuation of testimony includes the inspection of documents and things." Deiulemar Compagnia di Navigazione S.P.A. v. M/V Allegra, 198 F.3d 473, 484 (4th Cir. 1999).

3

## III. CONCLUSION

For the reasons stated herein, Allen's petition to perpetuate testimony under Rule 27(a) is **DENIED**. An appropriate order will be entered.

Entered: November 8, 2022

Digitally signed by Michael F. Urbanski  Chief U.S. District Judge
Date: 2022.11.08 10:30:12 -05'00'

Michael F. Urbanski
Chief United States District Judge